**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARNELL DEVON WHEAT,<br><br>    Petitioner,<br><br>    v.<br><br>CONNIE GIPSON, et al.,<br><br>    Respondent. | 1:25-cv-00624-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION FOR STAY AND ABEYANCE<br>[Doc. 2]<br><br>[21-DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition on May 27, 2025, along with a motion for stay and abeyance pending exhaustion of state remedies on additional claims. (Docs. 1, 2.) On May 29, 2025, the Court ordered the motion served on Respondent and directed Respondent to file an opposition or a statement of non-opposition. (Doc. 5.) On June 30, 2025, Respondent filed an opposition. (Doc. 6.) Petitioner did not file a reply. As discussed below, the Court will recommend the motion for stay be denied.

/////

/////

/////

1

**DISCUSSION**

I.  Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995).

Petitioner presents the following claim in his petition: 1) The trial court erred in granting the prosecution's motion to admit DNA results using "TrueAllele" and in denying defense counsel's motion to exclude the evidence. In his motion for stay, Petitioner indicates he has recently discovered other meritorious grounds which he seeks to file in state court including: 1) Undisclosed ski mask discovered 15 years later in law enforcement custody in violation of Brady v. Maryland, 373 U.S. 83 (1963); and 2) Gang imposed enhancement as dismissed for co-defendant, citing Assembly Bill 333. Petitioner further indicates that other claims may be raised.

II.  Motion for Stay and Abeyance

A district court has discretion to stay a petition and allow the petitioner to return to state court to exhaust his state remedies. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.1997). However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court"; the unexhausted claims are potentially meritorious; and the petitioner did not intentionally engage in dilatory tactics. Id. at 277-78.

In addition, the Supreme Court has stated that a petitioner may file a "protective petition" in federal court and ask the court to stay proceedings pending exhaustion of state remedies. Pace v.

DiGuglielmo, 544 U.S. 408, 416 (2005).  The Court noted that a petitioner's reasonable confusion about whether a state filing would be timely would ordinarily constitute "good cause" for him to file in federal court. Id.

Upon review of the pleadings, the Court does not find good cause to grant the motion for stay. Petitioner does not provide any reason for a stay, other than to suggest he recently discovered his claims. He contends a protective petition and stay are permitted while he returns to state court for a hearing on DNA evidence contained in a ski mask.

Respondent first contends that Pace and its reasoning for a protective petition are inapplicable here. In Pace, the concern was over a petitioner facing the predicament of litigating in state court in good faith to exhaust state remedies only to find out that the state petition was not "properly filed" in state court such that it would toll the statute of limitations. Pace, 544 U.S. at 416. Respondent is correct that this situation is not presented here. Petitioner apparently has not even filed a state court petition. Thus, whether a state petition has been properly filed is not at issue.

Here, Petitioner seeks to request a discovery hearing concerning a ski mask. Such motions do not toll the limitations period. Ramirez v. Yates, 571 F.3d 993, 1000 (9th Cir. 2009). Even if the Court determined that Petitioner's confusion over a potential discovery hearing and whether his federal petition would be tolled during that time merited a protective petition, he has not shown good cause.

First, Petitioner fails to show he was not intentionally dilatory. As noted by Respondent, the subject matter – the admissibility of DNA evidence including the ski mask – was heavily litigated during trial and on appeal. Likewise, Petitioner and his co-defendant litigated the gang murder special circumstance and the implications of Assembly Bill No. 333 on appeal. Petitioner was sentenced in March of 2019, and his appeal was pending for four years and deferred in the California Supreme Court for over a year. The claims have thus been known for many years. They are not newly discovered. Respondent is correct that there is no reason Petitioner could not have first exhausted state remedies prior to filing the instant federal petition, especially given the fact he still had 107 days remaining on the statute of limitations at the time he filed the petition.

Second, Petitioner fails to demonstrate that the claims are potentially meritorious. Petitioner's second claim that the gang enhancement was unauthorized under Assembly Bill No. 333 alleges a

3

violation of state law, and federal habeas relief is unavailable for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."); Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989) ("[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation").

Regarding his claim of DNA evidence on the ski mask, Petitioner offers no details in support of his argument that the State somehow violated Brady. As previously noted, the subject matter of DNA evidence, including the ski mask, was heavily litigated at trial and on appeal. Petitioner does not proffer any transcripts on the various DNA evidence admitted, the way the DNA evidence was obtained and stored, or the purpose of the evidence. He fails to show how a discovery motion in state court now would somehow demonstrate that the State withheld evidence or otherwise establish some violation of his constitutional rights. In summary, Petitioner fails to show good cause for a stay.

**ORDER**

The Clerk of Court is directed to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Petitioner's motion for stay be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 22, 2025**                         /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE