1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11 DARNELL DEVON WHEAT,                    No.  1:25-cv-00624 JLT SKO (HC)

12        Petitioner,                      ORDER DISMISSING PETITION FOR WRIT
                                            OF HABEAS CORPUS, DIRECTING CLERK
13                                          OF COURT TO ENTER JUDGMENT AND
        v.                                  CLOSE CASE, AND DECLINING
14                                          ISSUANCE OF CERTIFICATE OF
                                            APPEALABILITY
15 CONNIE GIPSON, et al.,

16        Respondents.

17

18        Petitioner Darnell Devon Wheat is a state prisoner proceeding *pro se* and *in forma*

19 *pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

20        On August 29, 2025, the Court denied Petitioner's motion for stay and directed him to opt

21 for one of two choices: (1) Petitioner may request dismissal of the unexhausted and non-

22 cognizable claims from the petition, and the petition will proceed on his claim concerning the

23 DNA results; or (2) Petitioner may request dismissal of the petition without prejudice and return

24 to state court to exhaust the additional claims for relief. (Doc. 11.) Petitioner was granted 21 days

25 to file his response. On October 9, 2025, Petitioner filed a response. (Doc. 13.) Petitioner

26 acknowledges his filing is late but states he did not receive the Court's order until September 25,

27 2025, due to prison mail library delays. Considering these circumstances, the Court deems

28 Petitioner's response timely filed.

In his response, Petitioner elects to proceed with option 2, dismissal of the petition without prejudice. The Court will grant Petitioner request for dismissal so he may return to the state courts to exhaust his additional claims. Petitioner may then return to federal court to present his newly exhausted claims. However, the Court expresses no opinion on the effects of the statute of limitations.

In addition, the Court must consider whether to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)    In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)    There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

2

encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1.  Petitioner's request to dismiss the petition is **GRANTED**.

2.  The petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

3.  The Clerk of Court is directed to enter judgment and close the case; and

4.  The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **October 10, 2025**

UNITED STATES DISTRICT JUDGE