UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL DEVON WHEAT,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CONNIE GIPSON, et al.,<br><br>　　　　Respondents. | No.  1:25-cv-00624 JLT SKO (HC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>[Doc. 16] |

　　　Darnell Devon Wheat is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　On August 29, 2025, the Court denied Petitioner's motion for stay and directed him to opt for one of two choices: (1) He could request dismissal of the unexhausted and non-cognizable claims from the petition, and the petition will proceed on his claim concerning the DNA results; or (2) he could request dismissal of the petition without prejudice and return to state court to exhaust the additional claims for relief. (Doc. 11.) The Court granted Petitioner 21 days to file his response.

　　　On October 9, 2025, Petitioner acknowledged his filing was late but stated he had not received the Court's order until September 25, 2025, due to prison mail delays. (Doc. 13.) The Court considered his response timely filed and noted his election to proceed with option 2, dismissal of the petition without prejudice. The Court granted Petitioner's request for dismissal

1

1   and dismissed the case without prejudice on October 14, 2025. (Doc. 14.) Judgment was entered
2   the same date. (Doc. 15.)
3       On October 24, 2025, Petitioner filed a motion for reconsideration of the dismissal order.
4   (Doc. 16.) Federal Rule of Civil Procedure 60(b) provides for relief from an order for the
5   following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud, . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

10  Fed. R. Civ. P. 60(b).
11      Though the Court has discretion to reconsider and vacate a prior order, *Barber v. Hawaii*,
12  42 F.3d 1185, 1198 (9th Cir. 1994), motions for reconsideration are disfavored and "should not be
13  granted, absent highly unusual circumstances, unless the district court is presented with newly
14  discovered evidence, committed clear error, or . . . [there is] an intervening change in the
15  controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam)
16  (internal quotation and citation omitted). "A party seeking reconsideration must show more than a
17  disagreement with the Court's decision, and recapitulation of the cases and arguments considered
18  by the court before rendering its original decision fails to carry the moving party's burden."
19  *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). This
20  Court's local rules further provide that any party seeking reconsideration of an order must state
21  "what new or different facts or circumstances are claimed to exist which did not exist or were not
22  shown upon such prior motion, or what other grounds exist for the motion; and why the facts or
23  circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)–(4).
24      Petitioner states that good cause exists for reconsideration because he did not receive the
25  Court's August 29, 2025, order until September 25, 2025, because of mail delays. However, the
26  Court considered that delay already in the order dismissing the petition. In that order, the Court
27  acknowledged that Petitioner had not received the order until September 25, 2025. The Court
28  deemed his response timely and considered his response.

2

1  Petitioner states he wishes to proceed with a stay and abeyance so the constitutional
2 claims concerning the ski-mask issue may be properly exhausted and considered by the state
3 courts. The Court has already considered and denied a stay and abeyance. Moreover, his concerns
4 that the ski-mask issue be considered by the state and federal courts is precisely why the petition
5 was dismissed *without prejudice*. That is, once the state courts have decided the ski-mask issue,
6 and if the state courts deny relief, Petitioner may attempt to seek relief in the federal court as to
7 all exhausted claims including the ski-mask issue, provided the petition does not violate the
8 statute of limitations. Based upon the foregoing, Petitioner's motion for reconsideration (Doc. 16)
9 is **DENIED.**

IT IS SO ORDERED.

Dated:   **November 14, 2025**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE